# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **CLEMENTS CONSTRUCTION LLC** | **CASE NO. 2:21-CV-01545** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **M MARTIN BIENVENU ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are Motions to Remand and Motions for Attorney Fees [docs. 2, 6] filed by plaintiff Clements Construction LLC ("Clements") and defendants M. Martin Bienvenu and Kimberly Bienvenu ("the Bienvenus"), in response to the Notice of Removal [doc. 1] filed by third party defendant State Farm Fire & Casualty Company. State Farm opposes the motions. Doc. 12.

### I.
#### BACKGROUND

This suit arises from damage inflicted on the Bienvenus' home in Iowa, Louisiana, as a result of Hurricane Laura on August 27, 2020. Doc. 1, att. 2, p. 1. The Bienvenus hired Clements to make repairs to the property. On February 24, 2021, Clements submitted an invoice in the amount of $5,500 for demolition and disposal of the patio structure. *Id.* at 1, 3. When the Bienvenus did not pay, Clements filed a petition for open account on March 10, 2021, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. As an affirmative defense the Bienvenus responded that, "[t]o the extent the main demand is owed," all such amounts were owed by State Farm, which was contractually and legally

obligated to pay under the homeowner's insurance policy it had issued to the Bienvenus. *See id.* at 4. They also made a third party demand on State Farm, asserting that State Farm had "failed to pay the amounts asserted in the main demand as well as other amounts owed for damages and/or losses" caused by the hurricane, and that it was liable for breach of contract and bad faith under Louisiana Revised Statutes 22:1892 and 22:1973. *Id.* at 5–7.

State Farm removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It admits that Clements and the Bienvenus are all citizens of Louisiana but argues that the Bienvenus should be realigned as plaintiffs because they have no real dispute with Clements and the true dispute here is between the Bienvenus and State Farm. *Id.* Both Clements and the Bienvenus now move for remand, arguing that realignment is improper. Docs. 2, 6. They also assert that removal is procedurally defective because a third-party defendant cannot remove a suit, removal was untimely, and the Bienvenus did not consent. *Id.* Finally, they request attorney fees on the grounds that State Farm lacked an objectively reasonable basis for removal. *Id.*

## II.
### LAW & APPLICATION

### A. Motion to Remand

Before looking at the alleged procedural defects, the court will address the jurisdictional question. Because Clements and the Bienvenus are citizens of Louisiana, it appears from the face of the complaint that the court lacks subject matter jurisdiction over this suit. *See, e.g.*, *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("Complete diversity" as necessitated to create jurisdiction under 28 U.S.C. § 1332

"requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.") (citation omitted). State Farm maintains, however, that the Bienvenus are properly aligned as plaintiffs, creating complete diversity with only State Farm as a nonresident insurer left on the other side.

"Federal courts are not bound by the labels the parties give themselves in the pleadings." *Ashford v. Aeroframe Servs., LLC*, 907 F.3d 385, 387 (5th Cir. 2018). Instead, courts "must look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (internal quotations omitted). "[T]he generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (internal quotations omitted). This determination is made based on the "'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* (quoting *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941)). The "primary and controlling matter in dispute" is "determined by **plaintiff's** principal purpose for filing its suit." *Zurn Indus., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988) (emphasis added). "If the principal purpose of the suit produces an actual collision of interest, realignment is improper unless the claim is a 'sham.'" *Thompson v. General Motors LLC*, 2016 WL 7471328, at *5 (quoting *Zurn Indus.*, 847 F.2d at 234).

State Farm complains that the petition on open account was filed only two weeks after the invoice was issued. Louisiana's open account statute makes a person liable for attorney fees and the cost of prosecution only when he fails to pay within thirty days of written demand, though the Bienvenus did not raise this as a defense in their answer to the

petition. La. Rev. Stat. § 9:2781. State Farm also contends that the Bienvenus' third party demand exceeds the proper scope of such a pleading under Louisiana Code of Civil Procedure article 1111 and that they are likewise nominal parties whose consent to removal is not required. *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health and Mental Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991) (A nominal party is one against whom "there is no possibility that the plaintiff would be able to establish a cause of action against . . . in state court.")

The principal purpose in the suit, however, is Clements's recovery of its unpaid invoice. Because the Bienvenus have not conceded that the amount is actually owed, there is still a collision of interests between the parties. Because the Bienvenus apparently still have not paid, there is a cause of action against them and they likewise cannot be regarded as nominal parties. Circumstantial evidence suggests some gamesmanship in creating an avenue for bringing the Bienvenus' claims against State Farm into the proceeding. But the state court can dismiss those claims if it agrees that they exceed the scope of a third-party demand. In the absence of any evidence of fraud or other misconduct, the court will not realign the parties. Accordingly, there is no basis for subject matter jurisdiction and the motions to remand must be granted.

### B. Motion for Attorney Fees

"Absent unusual circumstances," the court may only award attorney fees on a motion to remand when the removing party "lacked an objectively basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here there was an arguable basis for realignment based on the unusual procedural posture of the case and the

circumstantial evidence cited above. Though the court's ruling on jurisdiction obviates any need to explore the alleged procedural defects, State Farm's argument that *Home Depot v. USA, Inc. v. Jackson*, 139 S.Ct. 1743 (2019), only limits removal by counterclaim defendants is well-supported. Additionally, it is unsettled whether realignment may serve as an exception to the rule of unanimity. *See Thompson*, 2016 WL 7471328 at *4 & n. 3. Accordingly, the motions for attorney fees must be denied.

## III.
### CONCLUSION

For the reasons stated above, the Motions to Remand [docs. 2, 6] will be granted and that the Motions for Attorney Fees [doc. 2, 6] will be denied.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of July, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**